## S. E. Pirtle, Appellee, v. H. E. Gray and Malcolm F. Steel, trading as Meeker Hardware Company, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Clay county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action by S. E. Pirtle, plaintiff, against H. E. Gray and Malcolm F. Steel, trading as Meeker Hardware Company, defendants, to recover for damage done to plaintiff's home from leakage of water due to the negligent installation of plumbing fixtures. From a judgment for plaintiff for five hundred dollars, defendants appeal.

J. L. BOYLES, for appellants.

ROSE & McCOLLUM, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. DAMAGES, § 200*—*when instructions are not in conflict.* Instructions that if the jury found for the plaintiff they should assess his damages at such sum as they believed from the evidence he had sustained, *held* not in conflict with defendants' instructions confining the recovery to compensatory damages, where, under the pleadings, and instructions, punitive damages could not have been assessed, and such damages were not asked on the trial, nor recovered.

2. DAMAGES, § 209*—*when instruction is not erroneous as not requiring preponderance of evidence.* An instruction that the jury

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

should assess such damages as they believed from the evidence the plaintiff had sustained is not erroneous because not stating that their assessment of damages should be from a preponderance of the evidence.

3. APPEAL AND ERROR, § 365*—*when objection to testimony may not be made.* Testimony heard on the trial of a case without objection cannot be objected to on appeal, although the objection may not be without merit.

4. DAMAGES, § 191*—*when amount of for injury to property is for jury.* It is for the jury to determine from all the evidence, under the instructions, what was the proper amount to be paid, in a suit for damages, for injury to property, and where the evidence covered a wide range, and, had the jury followed some of the witnesses, the damages might have been fixed as high as eight hundred dollars, a finding of five hundred dollars was not excessive.